IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DELTA AIR LINES, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. _____ |
| | ) |
| APPLIED INTERACT, LLC, | ) **JURY TRIAL DEMANDED** |
| | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff Delta Air Lines, Inc. ("Delta"), by its undersigned attorneys, alleges as follows:

## PARTIES

1. Delta is a Delaware corporation with its principal place of business in Atlanta, Georgia.

2. Upon information and belief, and according to United States Patent & Trademark Office records, Response Reward Systems, L.C. was assigned on May 18, 1995 the following United States Patents: (a) U.S. Patent No. 5,227,874 ("the '874 Patent") entitled "Method for measuring the effectiveness of stimuli on decisions of shoppers," which issued on July 13, 1993; (b) U.S. Patent No. 5,249,044 ("the '044 Patent") entitled "Product information storage, display, and coupon dispensing system," which issued on September 28, 1993; and (c) U.S. Patent No. 5,128,752 ("the '752 Patent") entitled "System and method for generating and redeeming tokens," which issued on July 7, 1992 (collectively, the "Response Reward Patents"). True and correct copies of the Response Reward Patents are attached hereto as Exhibits A-C and incorporated herein by reference. The Response Reward Patents have been the subject of a large number of lawsuits.

3. Upon information and belief, and according to United States Patent & Trademark Office records, Response Reward Systems, L.C. assigned the Response Reward Patents to Intertech Holdings LLC on or about November 7, 2003.

4. Defendant Applied Interact, LLC, ("Defendant" or "Applied Interact"), upon information and belief, is a limited liability company organized under the laws of the state of Delaware. Upon information and belief, Applied Interact is the exclusive licensee of the Response Reward Patents with the exclusive right to license and the exclusive right to sue for patent infringement. Upon information and belief, Applied Interact has brought a number of lawsuits attempting to enforce some of the Response Rewards Patents.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction under the patent laws of the United States, 35 U.S.C. § *1 et seq.* and under the Declaratory Judgment Act 28 U.S.C. § 2201 *et seq.* The Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

6. This Court has personal jurisdiction over Applied Interact at least by virtue of Applied Interact being a corporation organized and existing under the laws of the State of Delaware and having purposely availed itself of the protections of the laws of Delaware.

7. Venue is proper under 28 U.S.C. § 1391.

8. In a letter to Delta dated March 20, 2009, Applied Interact asserted that certain online activities (collectively "the accused activities"), including on-line check-in, are covered by various claims of the '874 Patent, the '044 Patent, and the '752 Patent. In its March 20, 2009 letter, Applied Interact noted that it recently concluded actions against three other airlines and that it was actively licensing its portfolio. This letter included three claim charts

comparing activities which it attributes to Delta to specific claims of the '874, the '044, and the '752 Patents.

9. Applied Interact's communications and the numerous actions involving the Patents create an actual case or controversy between Applied Interact and Delta. Applied Interact has identified and asserted rights under the Response Reward Patents, identified allegedly infringing activities, and offered Delta a royalty-generating license. Based on at least those activities, there is a substantial controversy between the parties of sufficient immediacy and reality to warrant an issuance of a declaratory judgment.

10. The actual and justiciable controversy between Delta and Applied Interact concerns the validity and alleged infringement of the Response Reward Patents.

## COUNT I
### (Declaratory Judgment of Non-infringement of Any Valid and Enforceable Claim of the '874 Patent)

11. Plaintiff Delta realleges and incorporates by reference paragraphs 1 through 10 above.

12. An actual controversy exists between Delta and Defendant concerning whether the accused activities directly or indirectly infringe or have infringed any valid and enforceable claim of the '874 Patent.

13. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Delta requests a declaration by the Court that it does not infringe any valid and enforceable claim of the '874 Patent, either directly, contributorily, or by inducement, so that Delta can ascertain its rights and duties with respect to the accused activities.

## COUNT II
### (Declaratory Judgment of Non-infringement of Any Valid and Enforceable Claim of the '044 Patent)

14. Plaintiff Delta realleges and incorporates by reference paragraphs 1 through 13 above.

15. An actual controversy exists between Delta and Defendant concerning whether the accused activities directly or indirectly infringe or have infringed any valid and enforceable claim of the '044 Patent.

16. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Delta requests a declaration by the Court that it does not infringe any valid and enforceable claim of the '044 Patent, either directly, contributorily, or by inducement, so that Delta can ascertain its rights and duties with respect to the accused activities.

## COUNT III
### (Declaratory Judgment of Non-infringement of Any Valid and Enforceable Claim of the '752 Patent)

17. Plaintiff Delta realleges and incorporates by reference paragraphs 1 through 16 above.

18. An actual controversy exists between Delta and Defendant concerning whether the accused activities directly or indirectly infringe or have infringed any valid and enforceable claim of the '752 Patent.

19. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Delta requests a declaration by the Court that it does not infringe any valid and enforceable claim of the '752 Patent, either directly, contributorily, or by inducement, so that Delta can ascertain its rights and duties with respect to the accused activities.

## COUNT IV
### (Declaratory Judgment of Invalidity of the '874 Patent)

20. Delta incorporates by reference the allegations in paragraphs 1 through 19 above.

21. An actual controversy exists between Delta and Defendant concerning whether the '874 Patent is invalid for failing to meet one or more of the requirements for patentability set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112.

22. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Delta requests a declaration by the Court that the claims of the '874 Patent are invalid for failing to meet one or more of the requirements for patentability set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112.

## COUNT V
### (Declaratory Judgment of Invalidity of the '044 Patent)

23. Delta incorporates by reference the allegations in paragraphs 1 through 22 above.

24. An actual controversy exists between Delta and Defendant concerning whether the '044 Patent is invalid for failing to meet one or more of the requirements for patentability set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112.

25. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Delta requests a declaration by the Court that the claims of the '044 Patent are invalid for failing to meet one or more of the requirements for patentability set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112.

## COUNT VI
**(Declaratory Judgment of Invalidity of the '752 Patent)**

26. Delta incorporates by reference the allegations in paragraphs 1 through 25 above.

27. An actual controversy exists between Delta and Defendant concerning whether the '752 Patent is invalid for failing to meet one or more of the requirements for patentability set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112.

28. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Delta requests a declaration by the Court that the claims of the '752 Patent are invalid for failing to meet one or more of the requirements for patentability set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112.

## JURY DEMAND

29. Plaintiff Delta demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Delta prays for judgment against Defendant and an order:

A. Declaring that the '874, '044 and '752 Patents are invalid;

B. Declaring that Delta is not infringing any valid, enforceable claim of the '874, '044 or '752 Patents;

C. Declaring this case exceptional under 35 U.S.C. § 285;

D. Awarding Delta its costs and reasonable attorneys' fees; and

E. Granting Delta such other and further relief as may be just and proper.

                                        MORRIS, NICHOLS, ARSHT & TUNNELL LLP

                                        */s/ Jack B. Blumenfeld*

                                        Jack B. Blumenfeld (#1014)
                                        1201 North Market Street
                                        P.O. Box 1347
                                        Wilmington, DE  19899
                                        (320) 658-9200
                                        jblumenfeld@mnat.com

                                        *Attorneys for Plaintiff*

OF COUNSEL:

William H. Boice
Russell A. Korn
KILPATRICK STOCKTON LLP
1100 Peachtree Street
Suite 2800
Atlanta, GA  30309
(404) 815-6500

Stephen E. Baskin
KILPATRICK STOCKTON LLP
607 14th Street NW
Suite 900
Washington, DC  20005-2018
(202) 508-5800

December 8, 2009